IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02232-PAB-CYC

NICOLE STUDER,

     Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

     Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

**Cyrus Y. Chung, United States Magistrate Judge.**

When a plaintiff stops prosecuting a case for months, including skipping her own deposition, dismissal is warranted. Because plaintiff Nicole Studer has done so in this case, defendant Safeco Insurance Company of America moves to dismiss the case with prejudice. ECF No. 26. The prejudice the defendant asserts from the plaintiff's non-participation in the case, however, primarily has to do with fees and costs. Because such prejudice is addressable with a condition that refiling be contingent on reimbursing those costs and fees, the Court recommends **GRANTING** the motion **in part** and dismissing this case **without prejudice** with that condition.

### BACKGROUND

The plaintiff filed this action in state court in June 2025, asserting state-law claims for the defendant's alleged failure to compensate her adequately for wind damage to her residence. ECF No. 7 ¶ 15. The defendant removed the case to this Court a month later. ECF No. 1.

On December 3, 2025, the Court issued a Scheduling Order. ECF No. 21. On January 7, 2026, nearly a month after the deadline set in the Scheduling Order, the plaintiff served her

initial Fed. R. Civ. P. 26(a)(1) disclosures. ECF No. 26 at 2. That represented her last participation in the case.

After the plaintiff failed to respond to the defendant's written discovery requests in a timely manner, defense counsel reached out to plaintiff's counsel multiple times over the next three months to confer about discovery, the status of the case, and the possibility of a joint motion to dismiss without prejudice, but because plaintiff's counsel had not had contact with his client, he could not proceed on any of these fronts. *Id.* at 3. Nevertheless, to try to move the case along in conformance with the Scheduling Order, the defendant noticed the plaintiff's deposition and site inspection on March 30, 2026. *Id.* The defendant also requested a discovery hearing some three weeks later, *id.*, which the Court set for June 11, 2026. ECF No. 24.

In the meantime, plaintiff's counsel filed a motion to withdraw, citing a "breakdown in communication" with the plaintiff. ECF No. 22. He informed the plaintiff of the motion; she did not object. *Id.* ¶¶ 2, 5. He also informed the plaintiff of the upcoming discovery and motions deadlines in the case, advised that she has the "burden of keeping the Court and the other parties informed where notices, pleadings, and other papers may be served," and warned that her "fail[ure] or refus[al] to comply with all court rules and orders" may lead to "dismissal, default, or other sanctions." *Id.* ¶ 6; *see* D.C.ColoLAttyR 5(b). The Court granted the withdrawal motion and directed that its order doing so be sent to the plaintiff by email and U.S. Mail. ECF No. 25. That order also advised the plaintiff that "she must maintain current contact information with the Clerk of Court," comply with "all discovery requirements and scheduled matters (including hearings, depositions, motions, and trial)[,]" and informed her of the upcoming discovery hearing. *Id.* The Court also attached its standard letter to *pro se* litigants, which contains similar advisements, including that failure to "participate in the ordinary events associated with being a

party to a lawsuit, like discovery, court hearings, and trial" may lead to "monetary and non-monetary sanctions [ ], up to and including [ ] dismissal[.]" ECF No. 25-1 ¶ 5.

The noticed property inspection was cancelled due to inclement weather, but the plaintiff did not respond to requests from the defendant for alternative dates. ECF No. 26 at 3. The plaintiff also did not appear for her noticed May 14, 2026 deposition, and did not respond to the defendant's efforts to contact her that day. *Id.*

This motion followed. The Court vacated the June 11 discovery hearing pending resolution of the motion. ECF No. 29. The plaintiff did not respond to the motion. After the 21 days afforded an opposing party to respond, *see* D.C.COLO.LCivR 7.1, the defendant filed a reply in further support of its motion. ECF No. 30.

## ANALYSIS

Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); *see AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 522 F.3d 1233, 1236 (10th Cir. 2009). "As the Tenth Circuit has explained, the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." *JR Cargo v. Stevens Transp., Inc.*, Civ. No. 25-505 DLM/GBW, 2025 WL 2260242, at *1 (D.N.M. July 17, 2025) (quoting *Rogers v. Andrus Trans. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007)) (internal alterations omitted). A court's authority to dismiss for failure to prosecute under Rule 41(b) "is in full force even when . . . considering actions brought by pro se litigants," who "must follow the same rules of procedure that govern other litigants." *Henard v. Jefferson Cnty. Jail*, No. 21-1344, 2022 WL 1090912, at *2 (10th Cir. Apr. 12, 2022).

"A dismissal with prejudice . . . is a harsh remedy, and before dismissing a matter with prejudice for failure to prosecute or comply with court orders" under Rule 41(b), "a court should ordinarily first consider certain criteria" initially set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). *Global Constr., LLC v. Browning*, No. 22-cv-03137-STV, 2023 WL 3847096, at *2 (D. Colo. Jun. 5, 2023) (quotation marks omitted). That requires consideration of "(1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Id.* at *2. By contrast, where a court orders dismissal without prejudice, it may do so "without attention to any particular procedures." *Id.* (quoting *Quarrie v. N.M. Ins. of Mining & Tech.*, 621 F. App'x 928, 931 (10th Cir. 2023)).

Here, dismissal without prejudice is appropriate. Turning to the first *Ehrenhaus* factor, the degree of actual prejudice to the defendant is not so significant at this point as to warrant dismissal with prejudice. The defendant cites its discovery costs and legal fees as prejudice, *see* ECF No. 26 at 5–6, and, while its efforts to conduct discovery without the cooperation of the plaintiff, have "involv[ed] some expense," they "have not yet been herculean." *Atsepoyi v. Lufthansa Airlines*, No. 24-cv-03610-CYC, ECF No. 52 at 3–4 (D. Colo. Mar. 20, 2026). Moreover, the Court relieved the defendant of the burden of preparing for and appearing at the vacated discovery hearing, *see* ECF No. 26 at 5, and adoption of this recommendation would spare it the expense of preparing a motion for summary judgment. *Id.* By the same token, although her failure to prosecute has necessarily delayed the just resolution of this matter and diverted the Court's time and resources, the plaintiff's interference with the judicial process through inaction—the second *Ehrenhaus* factor—has not been so severe to this point as to

4

warrant the "extreme sanction" of dismissal with prejudice. *Florence v. Decker*, 153 F. App'x 478, 480 (10th Cir. 2005).

With respect to the third *Ehrenhaus* factor, based on plaintiff counsel's representation that he conferred with the plaintiff prior to filing his motion to withdraw, ECF No. 22, and she still has not involved herself in the case or explained her failure, it appears that she is culpable for her failure to prosecute the case. However, without more information, the Court cannot conclude that her behavior rises to the level of the "contumacious conduct" that the Tenth Circuit has held supports dismissal with prejudice. *Rodriguez-Diaz v. Gallegos Masonry, Inc.*, No. 12-cv-03015-MEH, 2013 WL 1397291, at *3 (D. Colo. Apr. 5, 2013) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1520 n. 6 (10th Cir. 1988)). As to the fourth *Ehrenhaus* factor, the plaintiff has been warned in writing by both her former counsel and the Court that failure to comply with all court rules and orders, including those pertaining to discovery, *may* result in sanctions, including dismissal, ECF No. 22 at 2; ECF No. 25-1 ¶ 15, but she has not been specifically advised that dismissal is a likely sanction, let alone dismissal with prejudice.

Finally, the fifth *Ehrenhaus* factor—the efficacy of lesser sanctions—counsels against dismissal with prejudice. A court has discretion to sanction a non-participating plaintiff by imposing conditions should she choose to refile her claim. *See Collins v. Citty*, No. CIV-09-756-W, 2011 WL 13285137, at *3 (W.D. Okla. Aug. 30, 2011) (dismissing case without prejudice under Rule 41(b) but ordering that plaintiff reimburse defendants' legal fees and costs reasonably incurred in defending the action if plaintiff refiled); *Rodriguez-Diaz*, 2013 WL 1397291, at *5 (dismissing the case without prejudice but ordering attorneys' fees under Fed. R. Civ. P 16(f) as an additional sanction); *see generally Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir. 1985) ("The district court may impose reasonable conditions in an order setting aside a dismissal

for want of prosecution."). The efficacy of lesser sanctions is important because dismissal with

prejudice, which "defeats altogether a litigant's right to access the courts," should be "used as a

weapon of last, rather than first, resort." *Rodriguez-Diaz*, 2013 WL 1397291, at \*3 (quoting

*Ehrenhaus*, 965 F.2d at 920).

In this case, an appropriate lesser sanction is that, if the plaintiff refiles in federal or state

court, she should bear the reasonable attorneys' fees and costs incurred by the defendant in the

course of this action for the following: (1) preparing and serving the discovery requests that the

plaintiff did not answer, (2) conferring with plaintiff's counsel about the plaintiff's discovery

obligations between February 12, 2026, the date the plaintiff's responses were due, and April 21,

2026, the date that the defendant requested a discovery hearing and plaintiff's counsel moved to

withdraw from the case, (3) noticing and preparing for the inspection and the plaintiff's

deposition, (4) attempting to confer with the plaintiff regarding rescheduling the inspection, and

(5) arranging and attending the plaintiff's noticed May 14, 2026 deposition.  These refiling

conditions, while severe, are appropriate in light of the plaintiff's unjustified failure to participate

in the mandated discovery process, causing the defendant to unnecessarily expend resources

defending this action.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS**[1] that the defendant's Motion to

Dismiss with Prejudice Due to Failure to Prosecute Pursuant to F.R.C.P. 41, ECF No. 26, be

**GRANTED in part** to the extent that:

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any
written objections in order to obtain reconsideration by the District Judge to whom this case is
assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings
or recommendations to which the objections are being made. The District Court need not
consider frivolous, conclusive, or general objections. A party's failure to file such written

(1) The action should be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b);

(2) If the plaintiff refiles the action against the defendant in state or federal court, the plaintiff shall reimburse the defendant for its reasonable attorneys' fees and costs incurred in the defense of this action associated with:

    a. Preparing and serving the discovery requests;

    b. Conferring with plaintiff's counsel about the plaintiff's discovery obligations between February 12, 2026 and April 21, 2026;

    c. Noticing and preparing for the inspection of the plaintiff's residence and the plaintiff's deposition;

    d. Attempting to confer with the plaintiff regarding rescheduling the inspection of the plaintiff's residence; and

    e. Arranging and attending the plaintiff's noticed May 14, 2026 deposition.

Respectfully submitted this 1st day of July, 2026, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

---

objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). <u>Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.</u>