IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-02232-PAB-CYC

NICOLE STUDER,

     Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

     Defendant.

---

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of Magistrate Judge [Docket No. 31]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 31 at 6-7 n.1; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on July 1, 2026. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** that the Recommendation of Magistrate Judge [Docket No. 31] is **ACCEPTED**.  It is further

**ORDERED** that defendant's Motion to Dismiss with Prejudice Due to Failure to Prosecute pursuant to F.R.C.P. 41 [Docket No. 26] is **GRANTED in part**.  It is further

**ORDERED** that plaintiff's complaint is **DISMISSED without prejudice** for lack of prosecution pursuant to Fed. R. Civ. P. 41(b).  It is further

**ORDERED** that, if plaintiff refiles the action against defendant in state or federal court, the plaintiff shall reimburse the defendant for its reasonable attorneys' fees and costs incurred in the defense of this action associated with:

a. Preparing and serving the discovery requests;

b. Conferring with plaintiff's counsel about the plaintiff's discovery obligations between February 12, 2026 and April 21, 2026;

c. Noticing and preparing for the inspection of the plaintiff's residence and the plaintiff's deposition;

d. Attempting to confer with the plaintiff regarding rescheduling the inspection of the plaintiff's residence; and

---

[1] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

e. Arranging and attending the plaintiff's noticed May 14, 2026 deposition.

It is further

**ORDERED** that this case is closed.

DATED July 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge